HEIRS OF CELESTINO RIVERA ROSADO, Plaintiffs and Appellants, *v.* RAFAEL LUGO CARRIÓN, Defendant and Appellee.

No. 8725. Argued November 23, 1943.—Decided February 1, 1944.

Pedro E. Anglade for appellants. Antonio Reyes Delgado and P. Santos Borges for appellee.

MR. JUSTICE TODD, JR., delivered the opinion of the court.

The only question involved herein is whether a judgment of nonsuit in a previous action is sufficient to sustain a plea of *res judicata* in a subsequent action. The facts are as follows:

■ Appellants' predecessor in interest constituted a mortgage in favor of the defendant herein, who subsequently, and after the same had become due, transferred it to Francisco Castro. The debtor having died, and upon default in the payment of the credit and the interest thereon, Castro foreclosed the mortgage in a summary proceeding. Thereupon the plaintiff heirs brought an action for the nullity of the foreclosure proceedings against Castro and Lugo Carrión, defendant herein. The plaintiffs alleged that the mortgage had been extended and was not due at the time of its foreclosure. The defendants answered the complaint, and after the case was tried and the plaintiffs had introduced their evidence, they filed a motion for nonsuit. The lower court granted the motion and dismissed the complaint. The plaintiffs took an appeal to this court but abandoned the same and it was consequently dismissed.

The plaintiffs instituted another action for nullity of the foreclosure proceedings against Rafael Lugo who, in his answer, set up a plea of *res judicata,* and after the record of the former suit was introduced in support thereof, the lower court found for the defendant and rendered judgment dismissing the complaint. From this judgment the plaintiffs have taken the present appeal and as an only error the appellants allege that "the judgment is contrary to law and the decisions."

The appellants rely on what we said in the case of *Berríos* v. *Grillo,* 39 P.R.R. 8, to the effect that:

"Counsel concede that the nonsuit in question was granted for failure of evidence only, but argue that such a nonsuit is a judgment on the merits. We can not concur in this view. *Ordinarily,* and in modern practice whether voluntary or involuntary on motion of defedant, a nonsuit *for failure of evidence* is not a judgment on the merits. 34 C.J. p. 781, par. 1200; id. p. 794, par. 1213, and note 44; 15 R.C.L. p. 984, par. 457; 2 Black on Judgments (2nd Ed.) p. 1050, par. 698; and note to 49 A.S.R. 829, 831.

"There is nothing in the instant case to take it out of the *general rule* that a judgment which does not dispose of an action on its merits will not support a plea of *res judicata.*" (Italics ours.)

The above-cited case does not have the scope attributed to it by the appellants. The general rule therein expressed has its exception limited to those cases where the court, in granting a motion for nonsuit, does not rely on the fact that plaintiffs' evidence is insufficient to support the complaint, but on the fact that from said evidence it affirmatively appears that the complaint does not state a cause of action against the defendant. The judgment rendered under these circumstances is a judgment on the merits which brings to an end the litigation and may be pleaded as *res judicata* in a subsequent action. A discussion on this question appears in the case of *Meléndez* v. *Cividanes, decided* today *ante,* p. 4, which need not be repeated now, where, after citing authorities, we stated the exception to the general rule mentioned in the case of *Berríos* v. *Grillo, supra,* thus: ". . . . where it affirmatively appears from the evidence introduced by the plaintiff that, as a matter of law, he is not entitled to a judgment in his favor, the judgment of nonsuit ends the litigation definitively and operates as a judgment on the merits."

The judgment rendered by the lower court in the former action on a motion for nonsuit does not fall within the above-mentioned general rule but within its exception. The court did not expressly state that the evidence was insufficient, but held that, considering the case on its merits, it appeared from the evidence that the plaintiff did not have a cause of action for the annulment of the foreclosure against the defendants. Nullity was sought on the ground that the mortgage had been extended and was not due at the time of its foreclosure. The court accepted this contention as true, but

stated that the foreclosure was based on the failure to pay the interest even after the expiration date had been extended, and added:

". . . Therefore, since the fundamental ground of this action is the fact that the mortgage was foreclosed before it became due, and since it appears from the evidence introduced in the case, especially from the record in the mortgage foreclosure proceeding No. 14277, that at the time of its foreclosure the mortgage had become due, inasmuch as it is alleged therein that the interest was unpaid and it had been agreed that upon default in the payment of three instalments the obligation would be considered as due, the court is of the opinion that the foreclosure of the mortgage was proper and that the annulment of the foreclosure proceeding does not lie.

"The other ground, that is, the failure to notify the debtor regarding the assignment of the credit, is without merit because as we have seen from clause four of the deed constituting the credit, the debtor himself expressly waived his right to be notified of said assignment and, therefore, the creditor was not bound to comply with such requisite.

"These are the contentions alleged in the action for nullity, *but these contentions are groundless, and from the evidence itself it appears that they can not support the annulment sought,* for which reason the court grants the motion for nonsuit and dismisses the complaint without a special pronouncement of costs." (Italics ours.)

This judgment on the merits puts an end to the litigation between the parties, since from the evidence in this case introduced in the lower court, that is, the complete record of the former suit, it affirmatively appears as proved that the plaintiffs were not entitled to a judgment in their favor, inasmuch as they had failed to pay the overdue interest on the mortgage and therefore the principal obligation was due and its foreclosure was proper.

It is true that in the new action brought by the plaintiffs they allege a different ground for nullity than that alleged in the previous action, but this can not be done, for a different mode of pleading does not constitute a new cause of action and we have repeatedly held that "a judgment on the merits

in a former suit between the same parties, on the same cause of action, . . . operates as a bar to every matter *which might with propriety have been litigated and determined in that action."* (Italics ours.) *Manrique* v. *Aguayo et al.,* 37 P.R.R. 314, and cases cited therein.

The judgment appealed from must be affirmed.